GOWEN & al. *Appellants from a decree of the Probate Court.*

A contract, made by a widow with the heirs and legatees, that, (although she had previously waived the provision made for her in her husband's will,) she would accept that provision, and make no other claim upon the estate, can have no effect upon the action of the Probate Court.

APPEAL from the Probate Court. Provision was made for the appellee in the will of her late husband. She waived that provision in due form in the Probate Court, and applied for an allowance out of the personal estate, and was allowed six hundred dollars. From that allowance, this appeal is taken by the heirs and legatees. An alleged reason for the appeal was, that, after having waived the provisions of the will, she retracted that waiver by an instrument under her hand and seal, and

stipulated with the heirs and legatees that she would accept and abide by the provisions of the will, and make no other claim upon the estate.

An indenture to that effect, under seal, between the widow of one part, and the appellants of the other part, was introduced.

*Ingalls,* for the appellants.

The indenture is a *retraxit* of the waiver.

It is a release of the very claim now in question.

It is a covenant not to prosecute such a claim.

To avail ourselves of the contract now in this process, will prevent circuity of action. *Hastings* v. *Dickinson,* 7 Mass. 153 ; *Sewall* v. *Sparrow,* 16 Mass. 24 ; *Croade* v. *Ingraham,* 13 Pick. 33 ; *Phelps* v. *Johnson,* 8 Johns. 43 ; *Cuyler* v. *Cuyler,* 2 Johns. 186 ; *Shed* v. *Pierce,* 17 Mass. 623.

*Converse,* for the appellee.

SHEPLEY, C. J., orally. — The proceedings by the indenture were only *in pais.* They did not involve or affect any action of the Probate Court. They could not rescind the waiver, already on the public records. It is said the indenture operated as a technical release. But such a release, to have any effect, must operate on an existing *right.* A widow's claim for an allowance is not such a *right.* It is merely in the *discretion* of the court. Such a document could not defeat or prevent the proceedings required by the statute for the settlement of estates. *Appeal dismissed.*